MJ6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 AUG -7 PM 12: 12
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. Emmanuel DE LOS SANTOS-Zamora Defendant. | Magistrate Case No. '08 MJ 2450 COMPLAINT FOR VIOLATION OF Title 8, U.S.C., Section 1326 Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

On or about **August 6, 2008**, within the Southern District of California, defendant **Emmanuel De Los Santos Zamora**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 7th DAY OF **August 2008**.

UNITED STATES MAGISTRATE JUDGE

8/6/08

M56

**PROBABLE CAUSE STATEMENT**

On August 06, 2008, at about approximately 1010 hours, **Emmanuel De Los Santos Zamora (Defendant)** attempted entry into the United States from Mexico at the San Ysidro, California Port of Entry via pedestrian primary lanes. During primary inspection, Defendant orally declared, to a United States Customs and Border Protection (CBP) Officer, to be a United States citizen by virtue of birth in Chula Vista, California. Defendant stated he had lost his wallet with his identification card and copy of birth certificate. Defendant stated he was going to San Diego, California. CBP Officer referred Defendant to the secondary pedestrian area for further inspection and turned him over to the secondary CBP Officers.

In secondary, Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a citizen of Mexico and previously deported /removed alien. Defendant's identity verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS linked Defendant to FBI and Immigration Service records.

Checks of Immigration Service records, including Deportable Alien Control System (DACS) identify Defendant as a citizen of Mexico with no entitlements to enter the United States. DACS records reveal Defendant was ordered deported by an Immigration Judge on or about August 8, 2005. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of Homeland Security to legally re-enter the United States.

At about 1614 hours during a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit to counsel. During the subsequent interview, Defendant admitted he is a citizen of Mexico by birth in Acapulco, Guerrero, Mexico. Defendant admitted that he possesses no document or other benefit that would permit his legal entry into the United States. Defendant admitted that he has been previously deported from the United States and removed to Mexico. Defendant admitted that he has not applied for or received permission from the United States government to legally re-enter the United States. Defendant admitted that he intended to enter the United States to look for employment and be with his family in San Diego, California.